1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARC AND ROBERTA GALLIANI,

12              Plaintiffs,                    No. 2:12-cv-00411-KJM-KJN

13         vs.

14   CITIMORTGAGE, INC.,

15              Defendant.                     ORDER
     _____/

16

17              This matter is before the court on defendant's motion to dismiss.  Because oral

18   argument will not be of material assistance, the court orders these matters submitted on the

19   briefs.  E.D. Cal. L.R. 230(g).

20              Defendant asserts three grounds for its motion.  First, defendant seeks dismissal

21   of plaintiffs' complaint  in accordance with Federal Rule of Civil Procedure 12(b)(3).[1]

22   Alternatively, defendant seeks an order transferring this case under 28 U.S.C. § 1404(a) to the

23   Middle District of North Carolina.  Finally, should the matter remain in this court, defendant

24   seeks dismissal under Rule 12(b)(6), asserting plaintiffs have failed to state a claim for which

25   

26              [1] All further references to Rule or Rules are to the Federal Rules of Civil Procedure.

                                              1

1  relief can be granted.  For the reasons set forth below, defendant's motion is granted in part and

2  denied in part and this case is transferred to the Middle District of North Carolina.

3  I.  BACKGROUND

4         Plaintiffs seek to enforce a claimed right to rescind a loan they obtained from

5  defendant.  In late October 2009, plaintiffs submitted an application to defendant to refinance

6  their primary residence in Concord, North Carolina.  (ECF 19 ¶ 6.)  In April  2010, plaintiffs

7  executed closing documents and paid the balance of their previous mortgage with another lender.

8  (*Id.* ¶¶ 7, 8, 9.)

9         On October 24, 2011, plaintiffs received a letter from defendant informing them

10  of information missing from the Notice of Right to Cancel form defendant initially had

11  provided.[2]  (ECF 21-3.)  Defendant included a new, complete Notice of Right to Cancel form.

12  *Id.*  Having been in the process of trying to sell their house, plaintiffs subsequently responded

13  seeking to cancel the mortgage.  (ECF 19 ¶ 19.)  A series of communications between the parties

14  followed, centering around whether plaintiffs could tender the property as rescission or if they

15  also needed to return the finance charges paid on the account.  (*Id.* ¶¶ 22-28.)  Plaintiffs now

16  bring this action seeking to assert what they perceive to be their right under TILA to rescind the

17  loan through tender of the property.  (*Id.* ¶ 32.)  Plaintiffs also assert claims under state law,

18  including negligent misrepresentation, promissory and equitable estoppel and declaratory relief.

19  (*Id.* ¶¶ 37, 46, 53, 57.)

20  II.  ANALYSIS

21      A.  Improper Venue

22         Defendant seeks to dismiss plaintiffs' complaint under Federal Rule of Civil

23  Procedure 12(b)(3), arguing venue is improper in the Eastern District because a substantial

---

24  

25     [2] Under the Truth in Lending Act ("TILA"), parties typically have three days following a transaction to cancel.  However, when parties are initially supplied with incorrect or incomplete rescission forms, they must be provided with corrected forms and permitted an additional three

26  days from the receipt of corrected forms.  *See* 15 U.S.C.A. § 1635.

1  portion of the events giving rise to plaintiffs' claims occurred outside this district.  (ECF 21 at

2  5.[3])  Specifically, defendant argues the events giving rise to plaintiffs' claims stem from a

3  transaction that occurred in North Carolina and dealt with a property located in North Carolina.

4  *Id.*  Beyond plaintiffs' current residence within this district, defendant asserts there is nothing of

5  legal or factual relevance to the case that occurred within this venue.  *Id.*

6          The appropriate inquiry under Rule 12(b)(3) is not whether venue is more

7  appropriate in a different judicial district, but rather whether venue is proper in the particular

8  district in which plaintiffs filed the claim.  *Compare* 28 U.S.C. § 1404(a) *with* FED. R. CIV. P.

9  12(b)(3).  Venue is proper in "a judicial district in which any defendant resides, if all defendants

10  are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  "For all

11  venue purposes . . . an entity with the capacity to sue and be sued in its common name under

12  applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any

13  judicial district in which such defendant is subject to the court's personal jurisdiction with

14  respect to the civil action in question."  28 U.S.C.A. § 1391(c)(2).

15          Plaintiffs correctly note that defendant does not dispute personal jurisdiction.  *See*

16  ECF 25 at 13 n.2; *see also* FED. R. CIV. P. 12(h).  Accordingly, for venue purposes, defendant is

17  considered to reside in the Eastern District.  Under 28 U.S.C. § 1391 venue is, thus, proper.  As a

18  result, defendant's motion to dismiss the complaint for improper venue is DENIED.

19          B.      Transfer of Venue

20          In the alternative, defendant seeks to transfer this action from the Eastern District

21  of California to the Middle District of North Carolina.  Defendant notes the subject property is

22  located in Concord, North Carolina; the Subject Deed of Trust was recorded in Cabarrus County,

23  North Carolina; and the subject loan transaction occurred in North Carolina, where plaintiffs

24  resided throughout the entirety of the underlying events giving rise to plaintiffs' claims.

25  _____

26          [3] Page references are to the page numbers assigned by the court's ECF system.

1   (ECF 21 at 5.)  Defendant also points to the provision in the Deed of Trust expressly providing

2   that North Carolina law shall govern.  *Id.*

3           Plaintiffs maintain their choice of forum should not be disturbed.  Plaintiffs also

4   contend the proposed Middle District of North Carolina venue will burden plaintiffs more than

5   the present venue will burden defendant.  (ECF 25 at 14.)  Plaintiffs also argue the court should

6   give little weight to potential witnesses located in North Carolina because defendants fail to

7   explain the relevance of these witnesses' proposed testimony or provide specific names of

8   potential witnesses.  (*Id.* at 15.)  Finally, plaintiffs argue a lack of sufficiently significant

9   difference in North Carolina law, or at least that defendant has not adequately demonstrated such

10  a difference.  *Id.*

11          When the district court finds venue is proper, it may still exercise discretion,

12  "[f]or the convenience of the parties and witnesses, [and] in the interest of justice," to transfer an

13  "action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

14  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for

15  transfer according to an 'individualized, case-by-case consideration of convenience and

16  fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v.*

17  *Barrack*, 376 U.S. 612, 622 (1964)).  The court may transfer a case even if it has personal

18  jurisdiction; however, "[o]nce the court determines that venue is proper, the movant must present

19  strong grounds for transferring the action . . . ."  *Id.*  (citing *Decker Coal Co. v. Commonwealth*

20  *Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).  "[A] motion to transfer venue for convenience

21  pursuant to 28 U.S.C. § 1404(a) does not concern the issue 'whether and where' an action may

22  be properly litigated.  It relates solely to the question where, among two or more proper forums,

23  the matter should be litigated to best serve the interests of judicial economy and convenience to

24  the parties."  *Injen Tech. Co. v. Advanced Engine Mgmt.*, 270 F. Supp. 2d 1189, 1193 (S.D. Cal.

25  2003).

26  /////

"In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." *Safarian v. Maserati North America, Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008). In evaluating these elements, the court must "balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co.*, 805 F.2d at 843. According to the Ninth Circuit, factors relevant to determining whether transfer is in the interest of justice include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000) (citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

Initially, the court finds, as it must, this action "might have been brought" in the Middle District of North Carolina because a substantial portion of the conduct giving rise to plaintiffs' claims occurred in that judicial district. 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Indeed, plaintiffs do not dispute that this action could have been brought in the Middle District of North Carolina. Therefore, venue would be proper there, as well.

To determine whether transfer is appropriate, the court next considers the convenience of the parties, the witnesses and the interests of justice, as well as any relevant *Jones* factor. "No single factor is dispositive and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Johnson v. Wal–Mart Stores, Inc.,* No. CIV. 2:10–997 WBS EFB, 2010 U.S. Dist. LEXIS 84461, at *5, 2010 WL 2902386 (E.D.Cal. Jul. 22, 2010) (quoting *Ctr. for Biological Diversity v. Kempthorne,* 2008 U.S. Dist. LEXIS

84978, 2008 WL 4543043, at *2 (N.D.Cal. Oct.10, 2008) (citing *Stewart Org.,* 487 U.S. at 29));

*see also Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955). This court will consider those factors

in turn.

               1. Plaintiffs' Choice of Forum and Convenience of the Parties

As noted, plaintiffs contend the court should adhere to the longstanding principle

that a plaintiff's choice of forum should not be disturbed. Courts do attach a "strong

presumption in favor of plaintiffs' choice of forum." *Piper Aircraft*, 454 U.S. 235, 255 (1981).

However, even as plaintiffs' choice of forum is entitled to deference, that choice is not wholly

dispositive of the question of whether transfer is appropriate. "[W]here the forum lacks any

significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given

considerably less weight, even if the plaintiff is a resident of the forum." *Cohen v. State Farm

and Cas. Co.,* No. Civ. 09–1051 AWI DLB, 2009 WL 2500729, at *3 (E.D.Cal. Aug.14, 2009)

(citing *Knapp v. Wachovia Corp.,* No Civ. 07–4551 SI, 2008 WL 2037611, at *2 (N.D.Cal. May

12, 2008)); *Amazon.com v. Cendant Corp.,* 404 F.Supp.2d 1256, 1261 (W.D.Wash. 2005);

*Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 990 (E.D.N.Y. 1991)); *see also Pac. Car &

Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not

occurred within the forum of original selection and that forum has no particular interest in the

parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.").

Plaintiffs moved to this district sometime between the events giving rise to their claims and the

filing of their initial complaint. Beyond their current residence, nothing within this district

pertains to the plaintiffs' claims, defendant's defenses or any other aspect of this litigation.

While plaintiffs' choice of forum is entitled deference, in the present case it is entitled to

minimal deference, given the lack of any nexus between this district and the asserted claims.

Plaintiffs rely on their current residence in this district as posing potential

inconvenience should their case be transferred to North Carolina. Specifically, plaintiffs argue

litigation in the North Carolina forum would inconvenience them more than defendant, due to

1   the potential costs of travel.  (ECF 25 at 14-15.)  Plaintiffs assert the inconvenience of litigating

2   in this forum would be mitigated for defendant because it is a national corporation and has

3   already retained California counsel.  *Id.*  Conversely, plaintiffs describe themselves as people of

4   "limited means" unable to travel to North Carolina without significant burden.  *Id.*  Additionally,

5   plaintiffs assert that Mr. Galliani has a physical disability they do not name but that renders

6   travel "particularly difficult" for him.  *Id.*  Defendant counters that plaintiffs' representation by

7   counsel will abate most inconvenience, as their own personal participation in appearances and

8   court proceedings prior to trial would be minimal.  (ECF 26 at 2.)  Should plaintiffs need to be

9   deposed, defendant recognizes depositions will take place in California, even if the action is

10  transferred to North Carolina.  *Id.*

11          In sum, the location of all relevant places, people and documents in North

12  Carolina inconveniences both parties.  Plaintiffs' residence in this district alone is insufficient to

13  tip the scales.  The potential of travel to North Carolina is the only potential inconvenience.

14  Defendant is right to note that plaintiffs themselves will have minimal personal participation in

15  pretrial court appearances, as they have retained counsel.  Given the lack of any connection

16  between the operative events of the case to this district, plaintiffs' forum selection, in and of

17  itself, is "entitled only to minimal consideration."  *Pence,* 403 F.2d at 954.  The lack of any

18  overly burdensome inconvenience to the parties, compounded by the lack of any significant

19  connection to this district, militates in favor of transferring the action to the Middle District of

20  North Carolina.

21          2.      Convenience of the Witnesses

22          It is axiomatic that convenience of non-party witnesses is frequently the most

23  important factor in the section 1404(a) calculus.  *Tolentino v. Mossman*, No. 2:07-CV-1243-

24  GEB-DAD, 2008 WL 1787752, at *1 (E.D. Cal. Apr. 18, 2008); *see also* 15 FED. PRAC. & PROC.

25  JURIS. § 3851 (3d ed. 2011) ("Often cited as the most important factor on a motion to transfer

26  under Section 1404(a) of Title 28 of the United States code, and the one most frequently

mentioned by the courts, as the plethora of illustrative cases [] demonstrate, is the convenience of witnesses, most particularly nonparty witnesses who are important to the resolution of the case."); 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3851, at 264.

       To show inconvenience to witnesses, the moving party should identify the witnesses, along with their locations and the relevance of their testimony. *See Florens Container v. Cho Yang Shipping,* 245 F.Supp.2d 1086, 1092-93 (N.D.Cal. 2002); *see also Cohen v. State Farm & Cas. Co.,* C1:09-CV-1051 AWI DL, 2009 WL 2500729 (E.D. Cal. Aug. 14, 2009); *Steelcase,* 41 U.S.P.Q.2d at 1470.

       Defendant points to the need to call "real estate agents and brokers, neighbors, and unknown other witnesses with knowledge not only of Plaintiffs' efforts to sell the property, but also plaintiffs' plans to relocate to California." (ECF 26 at 3.) Defendant ties this testimony to specific allegations in plaintiffs' complaint and proffers the potential relevancy to the claims and subsequent defenses. *Id.* The testimony of these potential witnesses is relevant as it will illuminate whether plaintiffs decided to relocate to California before or after defendants purportedly accepted the notice of rescission, as well as whether plaintiffs took the property off the market in order to make a genuine offer of tender to defendant. The court finds not only has defendant identified potential witnesses, but it also has demonstrated those witnesses' proffered testimony is both relevant and material.

       All of the identified witness would be in North Carolina. *Id.* Plaintiffs do not identify any other potential non-party witness. Non-party witnesses may not be compelled to attend trial unless they can be served with subpoenas within the trial district, or within 100 miles of the place of trial. FED. R. CIV. P. 45(e). "Thus, transfer may be denied when witnesses either live in the forum district or are within the 100-mile reach of the subpoena power." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981) (citations omitted). Because all identified potential non-party witnesses are well outside the

1  scope of this court's subpoena power, and given the relative importance of this factor, the

2  convenience of witnesses weighs strongly in favor of granting the motion to transfer.

3        3.     Interests of Justice

4        In addition to convenience of the parties and witnesses, *Jones* instructs courts to

5  consider additional factors in determining whether transfer is in the interests of justice. *Jones*,

6  211 F.3d at 498-99.

7        i.     Location Relevant Agreements Were Negotiated and Executed

8        The Deed of Trust was signed by plaintiffs in Mecklenburg County, North

9  Carolina. (ECF 21-2 at 16.) It was notarized by a North Carolina public notary. *Id.* All

10 communications between plaintiffs and defendant, including the Notice of Right to Cancel, upon

11 which plaintiffs base much of their claims, were sent to and from plaintiffs' North Carolina

12 residence. (ECF 21-3, 21-4 and 21-5.) All other records and agreements pertaining to the sale,

13 refinance and attempted rescission of the subject property are recorded in North Carolina. (ECF

14 26 at 3.) This factor suggests the Middle District of North Carolina is the more appropriate

15 venue.

16       ii.     State Most Familiar with Governing Law

17       Four of plaintiffs' five claims are predicated on state law causes of action. (ECF

18 19 at 6-9.) The Deed of Trust provides that its provisions "shall be governed by federal law and

19 the law of the jurisdiction in which the Property is located." (ECF 21-1 at 12.) The law of the

20 jurisdiction is that of North Carolina.

21       Plaintiffs are correct in noting that this court is capable of applying and

22 interpreting other states' law. (ECF 25 at 15.) However, the relevant criteria is "the state that is

23 most familiar with the governing law." *Jones*, 211 F.3d at 498. A court in North Carolina would

24 be far more familiar with the relevant North Carolina law underlying plaintiffs' state law claims.

25 This *Jones* criteria also weighs in favor of transfer.

26 /////

1                             iii.        Parties' Contacts with Forum and Those Relating to Claims

2          The next two *Jones* factors illustrate a complete lack of contacts with the present

3 district, aside from plaintiffs' recently established residence.  While the plaintiffs' decision to

4 relocate to California purportedly informed their decision to attempt rescission, there is nothing

5 particular to this district that relates to the rescission claim.  Plaintiffs could have moved to

6 another neighborhood in North Carolina and still brought the same claims.

7          The court must consider the facts of the case and whether plaintiffs' chosen forum

8 has an interest in the subject matter.  *Pacific Car & Foundry Co.*, 403 F.2d at 954 (considering

9 whether "the operative facts" "occurred within the forum of original selection" and whether that

10 forum had any "particular interest in the parties or the subject matter"); *see also Jones*, 211 F.3d

11 at 499.  Transfer may be appropriate where there is "no significant connection between [the

12 forum] and the facts alleged in the complaint." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118

13 (9th Cir. 2007).  Here, neither party has significant contacts with the Eastern District, beyond

14 plaintiffs' recently established residence, and this forum has no relation to plaintiffs' claims.

15 Rather, plaintiffs' claims arose in North Carolina and defendant continues to conduct its business

16 in North Carolina.  Accordingly, the Middle District of North Carolina has a far more

17 compelling interest in resolving plaintiffs' claims.  This factor weighs strongly in favor of

18 transfer.

19          Because the entirety of the events giving rise to plaintiffs' claims occurred in the

20 Middle District of North Carolina, transfer is appropriate.  While plaintiffs' choice of forum is

21 due deference, it must be weighed against all other considerations.  In the present case, these

22 considerations weigh against preserving plaintiffs' selected forum.  Every factor the court is to

23 consider, other than plaintiffs' choice of forum, indicates that the appropriate venue for litigating

24 plaintiffs' claims is the Middle District of North Carolina.  For those reasons, defendant's motion

25 to transfer venue is GRANTED.

26 /////

1    C.      Failure to State a Claim

2           As an alternative, defendant moves to dismiss under Rule 12(b)(6), asserting

3    plaintiffs have failed to make a claim for which relief can be granted. (ECF 21 at 6.)  Because the

4    court grants defendant's motion to transfer venue, it does not reach the 12(b)(6) motion.

5    III.  CONCLUSION

6           For the reasons set forth above, defendant's motion to dismiss plaintiffs'

7    complaint under Rule 12(b)(3) is DENIED.  Defendant's motion to transfer venue in accordance

8    with 28 U.S.C. § 1404(a) is GRANTED.  This case is transferred to the Middle District of North

9    Carolina.

10           IT IS SO ORDERED.

11   DATED:  January 4, 2013.

12

13   _____

14   UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26